IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) 18-cv-8437 |
| DAN BURGESS, | ) Hon. Thomas M. Durkin |
|     Defendant. | ) |

## DEFENDANT'S MOTION TO SET ASIDE DEFAULT

COMES NOW Defendant Dan Burgess, by and through counsel, and pursuant to FED. R. CIV. P. 55(c), respectfully requests that this Court vacate the default entered against him on November 12, 2019, showing the Court as follows:

## INTRODUCTION

This is a copyright infringement case, one of many filed by this Plaintiff in this jurisdiction. Malibu Media has alleged that Defendant copied and distributed five of its registered works using BitTorrent technology. Defendant denies doing so. Defendant can show that he his failure to timely respond was the result of inadvertence and not willful ignorance, that he took quick action to correct it, and that he has meritorious defenses to Plaintiff's claims, as required by Federal Rule of Civil Procedure 55(c).

## LEGAL STANDARD

A party seeking to set aside the entry of an order of default must show the following: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Wilson v. Peterson Cleaning, Inc.*, 2015 U.S. Dist. LEXIS 173747 *2-3 (N.D. Ill. Dec. 18, 2015) *citing Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Whether to set aside a default order is left to the discretion of the district court. *Sun v. Bd. Of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007) In exercising that discretion, courts must be mindful of the

policy favoring the resolution of the merits of a case by trial rather than through a default, and the resulting leniency the Seventh Circuit has established under Rule 55(c). *Cracco*, 559 F.3d at 631.

## ARGUMENT

I. **THE DEFAULT SHOULD BE SET ASIDE BECAUSE DEFENDANT CAN SATISFY THE REQUIREMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(c)**

Plaintiff filed its complaint on December 24, 2018. [ECF No. 1] Plaintiff then filed its motion for early discovery on December 31, 2018. [ECF No. 6-8] The Court granted that motion on January 3, 2019. [ECF No. 10]. Defendant received nothing from Plaintiff until he was served a copy of the amended complaint on September 28, 2019. [ECF No. 18] At the beginning of October, Defendant traveled to El Paso, Texas to tend to his mother, who is suffering with several serious medical conditions. When Defendant returned from his El Paso trip, he had forgotten about the papers that had been served, as he was preoccupied with arranging care for his mother in Texas. Because of his preoccupation, Defendant did not file an answer or responsive pleading. Defendant received no further communication from Plaintiff until he was served a copy of the November 12, 2019 default order, which arrived on November 29. Defendant spent the next few days seeking counsel and hired the undersigned on December 4, 2019.

Defendant's failure to file a responsive pleading resulted inadvertence caused by his preoccupation with his mother's illness, and not willful ignorance. When he received notice of the default he acted swiftly in seeking counsel over the Thanksgiving holiday and retained the undersigned to immediately file a motion to set aside the default entered on November 12, 2019. In *Cracco*, the Seventh Circuit affirmed the district court's decision that good cause supported setting aside a default order because the defendant did not willfully ignore the pending litigation, but rather failed to respond to the summons and complaint through inadvertence caused when it was distracted by other litigation matters. *Cracco*, 559 F.3d at 631.

Defendant acted quickly to correct his error. Defendant hired the undersigned within five days of receiving notice of the default the day after Thanksgiving. The *Peterson* court noted that the defendant in that case filed his motion to set aside the entry of default within eleven days and found that to be reasonable. *Peterson* at *5-6. Courts have held that Defendants who acted within similar periods of time (eight and 19 days) were found to have acted quickly. *Cracco*, 559 F.3d at 631 (motion filed within eight days); *Peterson*, 2015 U.S. Dist. LEXIS 173747 at *5-6 (motion filed within 11 days); *Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.*, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (motion filed within 19 days). This motion will be filed six days after Defendant received notice from Plaintiff.

Defendant has meritorious defenses to Plaintiff's claims. Defendant denies downloading and distributing Plaintiff's movies. At this stage of the litigation, Plaintiff has provided nothing more than an IP address assigned to Defendant's residence by Comcast to support its claim that this particular individual committed copyright infringement. An IP address alone is insufficient to impose liability on Defendant. *Malibu Media v. Doe*, 2016 U.S. Dist. LEXIS 14798, at *19 (N.D. Ill. February 8, 2016)

[This page left intentionally blank.]

## CONCLUSION

Defendant has established all three elements under Rule 55(c), and respectfully requests that the Court enter an Order setting aside the default entered on November 12, 2019 and giving Defendant a deadline by which to answer. Defendant stands ready to file an answer to Plaintiff's amended complaint immediately.

                                                Respectfully submitted,

                                        By: */s/* Erin K. Russell
                                        Erin K. Russell (ARDC #6287255)
                                        Counsel to Defendant Dan Burgess

Erin K. Russell, Esq.
The Russell Firm, LLC
650 W Lake Street, Suite 210A
Chicago, IL 60661
312-994-2424
erin@russellfirmip.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                By: */s/* Erin K. Russell
                                                   Erin K. Russell